UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA        :    <u>INDICTMENT</u>

   - v. -

GABRIEL DIEBLAS ROMAN,          :    **07CRIM. 470**

                     Defendant.    :

- - - - - - - - - - - - - - - - - - - - x

<u>**COUNT ONE**</u>

The Grand Jury charges:

1.   From at least in or about November 2005 up to and including in or about March 2007, in the Southern District of New York and elsewhere, GABRIEL DIEBLAS ROMAN, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2.   It was a part and object of the conspiracy that GABRIEL DIEBLAS ROMAN, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(A).

USLC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAY 2 2 2007

OVERT ACTS

3.   In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

   a.   On or about May 23, 2006, a co-conspirator not named as a defendant herein ("CC-1"), who was in the Bronx, New York, spoke with another co-conspirator not named as a defendant herein ("CC-2") regarding their meeting on the previous day.

   b.   On or about September 22, 2006, GABRIEL DIEBLAS ROMAN, the defendant, engaged in a telephone conversation regarding the possibility of surveillance activity.

   (Title 21, United States Code, Section 846.)


COUNT TWO

The Grand Jury further charges:

4.   From at least in or about November 2005 up to and including on or about March 2007, in the Southern District of New York and elsewhere, GABRIEL DIEBLAS ROMAN, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to violate Section 1956(a) of Title 18, United States Code.

5. It was a part and an object of the conspiracy that GABRIEL DIEBLAS ROMAN, the defendant, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions represents the proceeds of some form of unlawful activity, unlawfully, willfully and knowingly would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, the proceeds of illegal narcotics transactions, (1) with the intent to promote the carrying on of specified unlawful activity, to wit, illegal narcotics transactions, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i), and (2) knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, to wit, illegal narcotics transactions, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

### Overt Acts

6. In furtherance of said conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

   a. On or about May 23, 2006, CC-1, who was in the Bronx, New York, spoke with CC-2 regarding their meeting on the previous day.

   b. On or about September 22, 2006, GABRIEL DIEBLAS ROMAN, the defendant, engaged in a telephone conversation regarding the possibility of surveillance activity.

   (Title 18, United States Code, Section 1956(h).)

## FIRST FORFEITURE ALLEGATION

   7. As a result of committing the controlled substance offense alleged in Count One of this Indictment, GABRIEL DIEBLAS ROMAN, the defendant, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count One of this Indictment, including but not limited to the following:

   a. At least $10,000,000 in United States currency, representing the amount of proceeds obtained as a result of the offense alleged in Count One of this Indictment, for which the defendant is jointly and severally liable.

## SUBSTITUTE ASSET PROVISION

   8. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   (1) cannot be located upon the exercise of due diligence;

  (2) has been transferred or sold to, or deposited with, a third person;

  (3) has been placed beyond the jurisdiction of the Court;

  (4) has been substantially diminished in value; or

  (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of all property obtained as a result of the narcotics offense.

(Title 21, United States Code, Sections 841(a)(1) and 853.)

### SECOND FORFEITURE ALLEGATION

  9. As the result of committing the money laundering offense alleged in Count Two of this Indictment, GABRIEL DIEBLAS ROMAN, the defendant, shall forfeit to the United States pursuant to 18 U.S.C. § 982, all property, real and personal, involved in the said money laundering offense and all property traceable to such property, including but not limited to the following:

  a. At least $3,087,432 in United States currency, in that such sum in aggregate is property which was involved in the money laundering offense or is traceable to such

property, for which the defendant is jointly and severally liable.

### Substitute Asset Provision

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third person;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of all property obtained as a result of the money laundering offense.

(Title 18, United States Code, Sections 982 and 1956.)


_/s/ Madeline Couter_____          _/s/ Michael J. Garcia_____
FOREPERSON                             MICHAEL J. GARCIA
                                       United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

GABRIEL DIEBLAS ROMAN,

Defendant.

**INDICTMENT**

**07 Cr.**

(Title 21, United States Code, Section 846 and
Title 18, United States Code, Section 1956(h).)

MICHAEL J. GARCIA
United States Attorney.

A True Bill

*Madeline Couter*
Foreperson.

5/22/07 Indictment filed. Case assigned to Judge Cote.

Fox, J.